SMITH *v.* PAUL *et. al.*

(*Supreme Court, General Term, Fifth Department. January, 1892.*)

1. MORTGAGES—PRIORITY—FINDINGS OF REFEREE.
   Defendant, in a suit against herself and her husband to foreclose a mortgage executed by them to plaintiff, claimed a lien by virtue of a mortgage executed by the grantee of her husband prior to plaintiff's mortgage. The referee found that the deed from her husband to her 'mortgagor was without consideration or delivery, and was recorded by the grantor, with a fraudulent intent, three years after the execution of plaintiff's mortgage; it was never intended to pass ownership, and possession of the premises was never given thereunder; and that defendant's mortgage gave her no claim of *bona fide* purchaser as against plaintiff. *Held*, that the facts were sufficient to support the conclusion of law that defendant had no lien on the premises superior to plaintiff's lien.

2. DEED—DELIVERY—SPECIAL FINDINGS.
   Where a referee found, in relation to a certain deed, that it was "never delivered" by the grantor to the grantee, and stated, in response to a request to find in connection with an abstract of the deed in question, that the deed was "executed, acknowledged, and delivered," the two findings are not inconsistent, but show an intention to find a delivery as a matter of form, merely, without the effect of a delivery to pass title.

Appeal from judgment on report of referee.

Action by William M. Smith against Delia M. Paul and others. Judgment for plaintiff. Defendant Delia M. Paul appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Messrs. Harding,* for appellant. *Frank S. Smith,* for respondent.

DWIGHT, P. J. No question whatever is made of the due execution, delivery, sufficient consideration, good faith, or validity, in all respects, of the mortgage in suit; nor that the indebtedness intended to be secured thereby was unpaid and due at the time of the commencement of the action. The defendant Delia M. Paul, who alone appeared in the action, was the wife of Joseph M. Paul, the mortgagor, and as such joined with him in the execution of the mortgage. Her answer asserts an interest in and lien upon the mortgaged premises superior to the lien of the mortgage in suit; and this, her sole

defense, depends upon questions of fact which have been determined by the referee adversely thereto. Counsel for the respondent is in error in supposing that the case on appeal does not contain the statement that it embraces all the evidence given on the trial. That statement is contained in the opening paragraph of the case proper, and is, of course, covered by the certificate of settlement which is appended to the case. The findings of fact were therefore open to review on this appeal, but such review has satisfied us that they are supported by entirely satisfactory evidence, which could not properly have led to any other conclusion.

The answer sets up, and the evidence tends to prove, a series of transactions relating to the mortgaged premises which on their face were undoubtedly sufficient to vest in the defendant an interest in and lien upon those premises,—though whether superior to the lien of the mortgage in suit might still be a question. But, as plainly appears on the face of the answer, the validity and effect of those transactions, as bearing upon the issues in this action, depend wholly upon the truth of the first averment of the answer, viz., that of title to the premises in question in one James Ratchford on the 10th day of May, 1883, and the 19th day of May, 1886, on which dates he assumed to execute the two mortgages under which alone the defendant claims the interest and lien asserted by her; and that allegation is completely negatived by the findings of the referee. The defendant, to establish the averment in question, put in evidence a deed executed by Joseph M. Paul, her husband, and the mortgagor in the plaintiff's mortgage, which purported to convey the same premises to Ratchford, dated and acknowledged May 10, 1883, but not recorded until April 12, 1889. The former date was three years before, and the latter three years later than, the mortgage to the plaintiff. In respect to this deed the finding of the referee is as follows: "That no consideration passed from said Ratchford, the grantee named in said conveyance, or from any other person, to the said Joseph M. Paul, or to any other person, for the said deed of conveyance, and that the said deed was wholly without any consideration. That the said deed was never intended by the parties thereto to pass the ownership of the lands therein described to said Ratchford, the grantee therein named, and that the said Ratchford did not receive the said deed for the purpose of acquiring title to the land therein described. That the said deed of conveyance was never delivered by the said Joseph M. Paul to the said James Ratchford. At the time this deed was executed, Ratchford, the grantee, was a miller, in the employment of said Paul, in a mill in the town of Hume, owned wholly or in part by Paul. Paul handed the deed to Ratchford, and Ratchford put it in a pigeon-hole in a desk owned by Paul in said mill, and in which he kept his books. Ratchford kept his papers in this desk. This deed remained in this desk until Paul took it away to get it recorded, in April, 1889. Ratchford was in Paul's employ in this mill until 1886; had worked for Paul for five years next before that time. That said deed was so delivered and recorded by the said Joseph M. Paul with a fraudulent intent. That the said Ratchford, the said grantee, never entered into or in any manner had possession of the lands described in said deed of conveyance, or received the rents and profits of the said land, or of any part thereof. That the said Paul retained dominion over and control of the said deed of conveyance from the time of the aforesaid handing of the same by him to said Ratchford until the same was recorded, and, during all of such time, it was within the power of said Joseph M. Paul to destroy or revoke said deed." This finding is supported in all its details by evidence which is substantially undisputed. It is objected that the finding, included in the above, "that the said deed of conveyance was never delivered by the said Joseph M. Paul to the said James Ratchford," is inconsistent with a special finding made in response to a request on the part of the defendant, wherein, in connection with an abstract of the deed in question, the referee states that the deed was

executed, acknowledged, and delivered by Paul to Ratchford. But it is evident that, read together, the two findings are not inconsistent or contradictory, but that the intention is to find a delivery as matter of form, merely, without the intent or effect of a delivery to pass the title to the property described in the deed.

The referee also found the facts in regard to the two mortgages above mentioned, executed by Ratchford on or after the date of the deed, one of which was made to the defendant, and under the other of which she sought to acquire the rights of the mortgagee by assignment; and he found, in effect, that the defendant was not entitled, as against the plaintiff, to any of the rights of a *bona fide* purchaser under or by virtue of either of those mortgages. The latter conclusion was supported, not only by the fact that she actually joined in the mortgage to the plaintiff, but that,—as she herself testified,—in all the transactions connected with the subject-matter, to which she was nominally a party, she was in fact represented by her husband, the mortgagor of the plaintiff, and the fraudulent grantor in the deed to Ratchford.

It is plain that those findings were sufficient foundation for the conclusions of law of the referee, not only that the deed to Ratchford conveyed no title to him, and was void and of no effect as against the plaintiff, but also that the mortgage from Ratchford to the defendant, and the assignment to her of the rights of the mortgagee under the other mortgage made by Ratchford, were equally void and of no effect as against the plaintiff; and all these findings necessitated the final conclusion, "that the defendant Delia M. Paul has no interest in or upon said mortgaged premises superior or prior to the lien of the mortgage described in the complaint." The judgment was therefore right, and must be affirmed. Judgment appealed from affirmed, with costs.

All concur.